**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

---

| | | |
|---|---|---|
| MICHELLE BECKER, an individual, | : | [__ Civ. ____ (___)(___)] |
| Plaintiff, | : | |
| v. | : | **COMPLAINT** |
| EXPRESS, LLC | : | |
| Defendant. | : | |

---

## COMPLAINT & DEMAND FOR JURY TRIAL

MICHELLE BECKER ("Plaintiff", "BECKER"), by and through the undersigned counsel, alleges and states as follows:

### PRELIMINARY STATEMENT

1. This action is brought on behalf of the Plaintiff regarding disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), and 42 U.S.C.A. §§ 12101 et seq.

### JURISDICTION

2. Jurisdiction lies in this court pursuant to 28 U.S.C.A. § 1343(a)(3), 28 U.S.C.A. § 1343(a)(4) and 28 U.S.C.A. § 1331 and supplemental subject-matter jurisdiction under 28 U.S.C.A. § 1367.

### VENUE

3. Venue is proper in this district because the Defendant does business in this district and Plaintiff is a former resident of this district and the acts complained of in this Complaint arose within this judicial district.

4. Defendant operates business in this district, and there is no other district that has a substantial connection to the claim.

## CONDITIONS PRECEDENT

5. In or around March 5, 2019, Plaintiff timely filed a charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

6. On or about October 15, 2019, the EEOC issued Plaintiff a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

7. All conditions precedent to the filing of this suit have been performed or have occurred.

## PARTIES

8. Plaintiff is a woman who is domiciled in San Tan Valley, Arizona. Plaintiff is a citizen of the United States of America.

9. Plaintiff was employed at Defendant's store in Fort Myers, Florida at the time her cause of action accrued.

10. Upon information and belief, Defendant is an American fashion retailer with stores throughout the United States and in Puerto Rico.

11. Defendant is a person within the meaning of 42 U.S.C.A. § 2000e(a), and an employer within the meaning of 42 U.S.C.A. § 2000e(b).

## FACTS

12. On or around September 2017, Plaintiff began working for Defendant.

13. Plaintiff's job duties included: unpacking, organizing, censoring, folding, hanging, and steaming clothes.

14. In or around August 2018, Plaintiff provided Express with a note from a therapist describing Plaintiff's condition (Plaintiff is a catatonic paranoid schizophrenic).

15. The note requested reasonable accommodations. Specifically, the note stated that Plaintiff should avoid climbing ladders and should not be asked to go places alone where Plaintiff did not feel safe.

16. Plaintiff was still clearly able to perform the essential functions of her job with or without the reasonable accommodation.

17. Defendant failed to engage in an interactive process with Plaintiff to discuss potential means by which Defendant might reasonably accommodate Plaintiff's disability throughout the time period described above by, among other failures and/or omissions, failing to directly notify Plaintiff that she could perform her work with or without an accommodation.

18. After requesting the reasonable accommodation, Plaintiff's number of work hours were substantially reduced.

19. When Plaintiff was on the schedule, and Defendant had boxes for Plaintiff to unload, managers told Plaintiff that they didn't have any shipments or that they didn't have payroll hours and assigned Plaintiff's work to other individuals (including new employees who do not appear to suffer from disabilities).

20. For example, during a busy holiday season, Express only put Plaintiff on the schedule for one (1) day and often told Plaintiff they didn't need her.

21. At times, Plaintiff would report to work and Express would tell her there was no work to do.

22. While Plaintiff's hours were substantially reduced, Plaintiff called the office to ask to be

put on the schedule. However, the store supervisors were rude and made no effort to hide their frustration with Plaintiff.

23. The management of Express retaliated against Plaintiff as a result of Plaintiff's disability and Plaintiff's request for a reasonable accommodation.

24. Management's demeanor towards Plaintiff was substantially different from other employees.

25. At one point, an Express manager told her: "you know there are other jobs at the mall, right?"

26. Defendant constructively discharged Plaintiff by substantially reducing Plaintiff's hours, assigning Plaintiff's work to other employees, treating Plaintiff in a disrespectful manner, and taking Plaintiff off the work schedule following Plaintiff's request for reasonable accommodations because of Plaintiff's disability.

27. Express' actions caused Plaintiff substantial stress and anxiety and contributed to a debilitating health condition which resulted in Plaintiff taking a leave of absence.

28. After constructively discharging Plaintiff, Plaintiff filed an EEOC Charge, while suffering from a debilitating health condition. In an attempt to cover its tracks, Defendant requested that Plaintiff return to work, when Plaintiff could not do so, and thereafter terminated Plaintiff for failure to report back to work.

**FIRST CAUSE OF ACTION—VIOLATION OF AMERICANS WITH DISABILITIES ACT; FAILURE TO ACCOMMODATE UNDER 42 U.S.C.A. § 12112(B)(5)(A)**

29. Plaintiff repeats each of the above paragraphs as if alleged here.

30. Defendant has discriminated against Plaintiff, on account of and/or by reason of her disability, in violation of 42 U.S.C.A. §§ 12101 et seq., because during all relevant times:

   a. Plaintiff was disabled under the statute;

    b. Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation which were available prior to her discharge from employment by Defendant; and

    c. Plaintiff suffered an adverse employment action because of her disability when Defendant failed to engage in collaborate discussions with Plaintiff related to reasonable accommodations and constructively terminated Plaintiff.

WHEREFORE, Plaintiff requests that this court grant the following relief:

1. Enjoin Defendant from failing or refusing to:

   a. Provide sufficient remedial relief to make Plaintiff whole for the loss she has suffered as a result of the discrimination against her as alleged in this Complaint;

   b. Adopt a clear, meaningful, and well-publicized written policy prohibiting disability discrimination against any of Defendant's employees, which includes provisions describing responsibilities of all supervisors to report and respond to complaints of disability discrimination and which establishes an effective mechanism for receiving and responding to complaints of disability discrimination;

   c. Modify its existing disability discrimination policy to include clear, meaningful and well-publicized provisions describing the responsibilities of all supervisors to report and respond to complaints of disability discrimination, and to establish an effective mechanism for receiving and responding to complaints of disability discrimination; and

   d. Provide adequate training to all of Defendant's employees, and to all of Defendant's management officials responsible for making determinations regarding complaints of disability discrimination, with regard to workplace disability discrimination prohibited by the ADA.

  e. Take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

2. Award compensatory damages to Plaintiff for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a and/or the ADA.

3. Award Plaintiff such additional relief as justice may require, together with attorney's fees, costs and disbursements.

**SECOND CAUSE OF ACTION—VIOLATION OF AMERICANS WITH DISABILITIES ACT; DISPARATE TREATMENT**

31. Plaintiff repeats each of the above paragraphs as if alleged here.

32. Defendant has discriminated against Plaintiff, a disabled person, on account of and/or by reason of her disability, in violation of 42 U.S.C.A. §§ 12101 et seq., because during all relevant times:

  a. Plaintiff was disabled under the statute;

  b. Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by Defendant; and

  c. Plaintiff suffered an adverse employment action because of her disability when Defendant treated nondisabled individuals more preferentially by assigning them Plaintiff's work, which served to discriminate against Plaintiff.

WHEREFORE, Plaintiff requests that this court grant the following relief:

1. Enjoin Defendant from failing or refusing to:

  a. Provide sufficient remedial relief to make Plaintiff whole for the loss she has

    suffered as a result of the discrimination against her as alleged in this Complaint;

  b. Modify its existing disability discrimination policy to include clear, meaningful and well-publicized provisions describing responsibilities of all supervisors to report and respond to complaints of disability discrimination, and to establish an effective mechanism for receiving and responding to complaints of disability discrimination; and

  c. Take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

2. Award compensatory damages to Plaintiff for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a and/or the ADA.

3. Award Plaintiff for such additional relief as justice may require, together with attorney's fees, costs and disbursements.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated this 13th day of January 2020.

        KNOTT·EBELINI·HART
        *Attorneys for Plaintiff*
        1625 Hendry St., Suite #301
        Fort Myers, FL 33901
        Telephone: (239) 334-2722
        Facsimile: (239) 334-1446
        Primary: kcsott@knott-law.com
        Secondary: jherr@knott-law.com

By: */s/ Kristie A. Scott*
      Kristie A. Scott, Esq.
      Florida Bar No.  108111